United States Court of Appeals,

Fifth Circuit.

No. 92-2620

Summary Calendar.

In the Matter of WORLD HOSPITALITY LIMITED, Debtor.

Rodney TOW, in place of William E. Heitkamp, Trustee, Appellant,

v.

Kenneth S. WOHL and Fidelity & Casualty Company, Appellees.

Feb. 16, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this case, we decide the reach of a bond that Fidelity & Casualty Co. ("Fidelity") issued to World Hospitality, Ltd., Inc. ("World") to cover losses that result from the dishonest or fraudulent acts of World's employees. The losses arose while World was failing. Kenneth S. Wohl, World's dominant shareholder, fraudulently appropriated some of World's assets before the company filed for bankruptcy. The bankruptcy court found that Wohl controlled World, instead of World controlling him. The bankruptcy court then held that Wohl was not one of World's employees and, thus, the bond did not cover his dishonest acts. The district court affirmed. Because we agree with the reasoning of the bankruptcy court, we affirm.

I

World provided services to several oil companies. When the oil business slumped, World's profits went down. Then, in the mid 1980's, two of World's biggest clients went bankrupt. World immediately became unprofitable and soon thereafter the firm filed for bankruptcy under chapter 11 of the Bankruptcy Code. Along with his former wife, Kenneth S. Wohl owned 95% percent of World. Wohl was an officer and director of World and its chief executive officer. Before filing for bankruptcy, World made over fifty payments or transfers to Wohl. World also paid some of Wohl's

debts and gave Wohl a security interest in some of its assets.

In the summer of 1988, the bankruptcy court converted the proceeding to a liquidation under chapter 7 of the Bankruptcy Code and appointed the appellant, William E. Heitkamp, the trustee. Heitkamp brought this fraudulent conveyance action against Wohl and World's insurer Fidelity & Casualty Co. ("Fidelity") in the summer of 1990. Heitkamp argued that the transfers World made to Wohl were fraudulent conveyances because they were made to defraud its creditors. Heitkamp further alleged that Fidelity was liable for the fraudulent conveyances because it had issued World a bond that covered losses caused by the fraudulent or dishonest acts of World's employees.

The bankruptcy court agreed that the transfers were fraudulent conveyances. The court further found that Wohl dominated World and that World did not have the right to control him in the performance of his duties. Thus, the court concluded that Wohl was not one of World's employees within the meaning of that term as it is used in the bond. Consequently, the court held that Fidelity was not liable to Heitkamp based on Wohl's actions. The district court affirmed the judgment of the bankruptcy court. On behalf of the estate in bankruptcy, Heitkamp appeals.[1]

II

The issue before us is whether Wohl was an employee of World within the meaning of the term as it is used in the bond Fidelity issued to World. If Wohl was an employee, then Fidelity is liable to World's estate in bankruptcy for Wohl's fraudulent acts. This question is essentially a legal one and, thus, we review the district court's conclusion *de novo*. *United States v. Harrison,* 918 F.2d 469, 473 (5th Cir.1990). Pursuant to Bankruptcy Rule 8013, however, we will not set aside a bankruptcy court's factual findings unless they are clearly erroneous. *Matter of Lenard,* 849 F.2d 974, 976 (5th Cir.1988).

The bond Fidelity issued to World only covers losses that result directly from the fraudulent or dishonest acts of World's employees. The bond defines an employee as:

> any natural person (except a director or trustee of the Insured, if a corporation, who is not also an officer or employee thereof in some other capacity) while in the regular service of the

---

[1]Pursuant to an order entered on December 17, 1992, Rodney Tow was substituted as the appellant.

Insured in the ordinary course of the Insured's business during the Policy Period and whom the Insured compensates by salary, wages or commissions and *has the right to govern and direct in the performance of such service,* but does not mean any broker, factor, commission merchant, consignee, contractor or other agent or representative of the same general character. (Emphasis added).

As noted above, the bankruptcy court found that Wohl was not one of World's employees because World did not have the right to control him. The bankruptcy court relied on our decision in *First Nat. Life Ins. Co. v. Fid. & Dep. Co. of Md.,* 525 F.2d 966 (5th Cir.1976). In *First National,* several individuals purchased a controlling interest in First National and made themselves officers and directors. After taking control of the company, they looted it. Later the firm sued its insurance company in an effort to collect on a bond almost identical to the bond in this case. We found that the individuals who controlled First National were not employees within the meaning of the bond. We reasoned that their "status as officials never placed them "in the service' of First National, for they served only themselves." *Id.,* at 970.

Several other courts have reached the same conclusion. In *California Union Ins. v. American Diversified Sav.,* 948 F.2d 556, 566 (9th Cir.1991), the Federal Savings and Loan Insurance Corporation sued to recover on a similar bond after it took over a savings and loan that had failed. The court held that because the former owners of the savings and loan "controlled the Insured, rather than the Insured's controlling them, they do not meet the policy['s] definition of "employees.' " *Id. See also Kerr v. Aetna Cas. & Sur. Co.,* 350 F.2d 146, 154-155 (4th Cir.1965); *Employer's Admin. Serv., Inc. v. Hartford Accident & Indem. Co.,* 147 Ariz. 202, 709 P.2d 559 (App.1985); *Three Garden Village Ltd. Partnership v. United States Fid. & Guar. Co.,* 318 Md. 98, 567 A.2d 85 (App.1989).

All of these courts have recognized that there is a strong policy reason for denying the corporation coverage under the bonds in question. A corporation can only act through its officers and directors. When one person owns a controlling interest in the corporation and dominates the corporation's actions, his acts are the corporation's acts. Allowing the corporation to recover for the owner's fraudulent or dishonest conduct would essentially allow the corporation to recover for its own fraudulent or dishonest acts. The bonds, however, were clearly designed to insure the

corporations against their employee's dishonest acts and not their own dishonest acts. *See California Union,* 948 F.2d at 566.

In support of his argument that the bond covers Wohl's actions, Heitkamp cited the following three cases: *General Finance Corp. v. Fidelity & Cas. Co. of New York,* 439 F.2d 981 (8th Cir.1971); *American Empire Ins. Co. of S.D. v. Fidelity & Dep. Co. of Md.,* 408 F.2d 72 (5th Cir.1969); *Insurance Company of North America v. Greenberg,* 405 F.2d 330 (10th Cir.1969). All of these cases are easily distinguishable. In *General Finance,* the parties added a clause to the bonding agreement clearly indicating that the Insurer did not intend to cover losses that resulted from the dishonest acts of the majority shareholder. Later the parties eliminated that clause from the agreement. The court held that the parties' actions clearly indicated that they intended for the bond to cover the dishonest acts of its majority shareholder. *General Finance,* 439 F.2d at 984.

Heitkamp also relied on our decision in *American Empire* even though that decision dealt with an entirely different issue. In *American Empire,* the issue was whether a third party had an interest in the bond. The court held that the plaintiff had no interest in the bond because he was not a third party beneficiary. The court's comments about whether the bond covered the majority shareholder were clearly dicta. *American Empire,* 408 F.2d at 77. Finally, Heitkamp relies on the Tenth Circuit's decision in *Insurance Company.* In that case an insurance company contended that its bond did not cover the dishonest acts of W. H. Hoster, a shareholder and the company's former president. Although the court found that the bond covered Hoster's acts, the court noted that Hoster was not a majority shareholder in the company. *Insurance Company,* 405 F.2d at 333.

A review of the cases has convinced us that the greater force of authority lies in the holding that a majority shareholder who dominates his corporation is not an employee of the corporation within the meaning of the term as it is used in these bonds. The bankruptcy court's decision that Wohl, with his former wife, owned 95% of World's common stock and completely dominated the corporation is not clearly erroneous. We therefore hold that Wohl was not one of World's employees and, thus, the bond Fidelity issued to World does not cover Wohl's fraudulent conduct.

III

For the foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.